UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANA GIBSON,
  Plaintiff,

— against —

CRAIG F. YACKEREN;
S. MARKOWSKI; MARK L.
BRADT; C. ROBINSON;
D. VENETTOZZI; KEITH
M. KARNDESKY; AND NEW
YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES,
  Defendants.

AMENDED CIVIL
RIGHTS COMPLAINT

11-CV-00294
(WMS)

PLEASE TAKE NOTICE, Pursuant to 42 U.S.C. §§ § 1983, 2000cc-1 and 2000cc-2, Plaintiff, pro se, Dana Gibson, hereby commence this Amended Civil Rights Complaint.

VENUE

1. Pursuant to Rule 8 (a)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), 28 U.S.C. §§ 112 (d) and 1331, the United States District

Court for the Western District of New York has jurisdiction to hear and adjudge this matter according to applicable laws of the United States.

2. Plaintiff's basis of Venue is based upon Federal question jurisdiction. As such, this Civil Rights Action is brought pursuant to United States Constitution and Federal Statutory Rights Violations that took place within Wyoming County of the State of New York.

## PARTIES

3. DANA GIBSON, is the Plaintiff in this Civil Rights Action. Plaintiff's current Address is Upstate Correctional Facility, 309 Bare Hill Road, P.O. Box 2001, Malone, New York 12953-2001.

4. CRAIG E. YACKEREN, is a defendant in this Civil Rights Action. Defendant Yackeren is employed as a Correction Officer at Attica Correctional Facility, 639 Exchange Street, P.O. Box 149, Attica, New York 14011-0149.

5. The following are additional defendants in this Civil Rights Action: S. MARKOWSKI, Correction Sergeant of Attica Correctional Facility; MARK L. BRADT, Superintendent at Attica Correctional Facility; KEITH M. KARNDESKY, Jewish Chaplain of Attica Correctional Facility; C. ROBINSON, Correction Captain of Attica Correctional Facility; D. VENETTOZZI, Acting Direc-

for Special Housing And Inmate Disciplinary Program of the New York State Department of Correctional Services; And the NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES.

## CAPACITIES

6. Plaintiff commence this Civil Rights Action Against defendants: Yackelen, Markowski, Bradt, Robinson, Venettozzi; And Karndesky in their individual capacities And the New York State Department of Correctional Services in its Official Capacity.

## TRIAL

7. Pursuant to Fed. R. Civ. P. 38. And the Seventh Amendment of the United States Constitution, Plaintiff Request A jury trial of this Civil Rights Action.

## EXHAUSTION

8. Pursuant to 42 U.S.C. § 1997e(a), the Plaintiff has exhausted All Available Administrative Remedies by commencing two separate inmate grievance complaints with the Attica Correctional Facility Inmate Grievance Resolution Committee ("IGRC") on January 21, 2011 And February 9, 2011 Regarding the Facts Addressed in the First

And Second Causes of this Amended Civil Rights Complaint.

9. Specifically, Plaintiff's inmate grievance complaints were filed under grievance Numbers A-57896-11 And A-58003-11. Plaintiff's grievance complaints were denied by the IGRC, Superintendent And the New York State Department of Correctional Services, Central Office Review Committee ("CORC").

10. Moreover, As the third Cause of Action of this Amended Civil Rights Complaint is based upon A disciplinary decision, the Plaintiff Appealed such Administrative decision to the Commissioner of the New York State Department of Correctional Services Who by And through his designee denied Plaintiff's Administrative Appeal.

## STATEMENT OF CLAIM

11. Pursuant to Fed. R. Civ. P. 8 (a)(2), Plaintiff commence this Civil Rights Action based upon the following Causes of Action:

## FIRST CAUSE OF ACTION

12. Plaintiff Allege in this Cause of Action that his First, Eighth And Fourteenth Amendment Rights of the United States Constitution Was violated

Under the Substantive Constitutional Right to Access to the Court and the Cruel and Unusual Punishment Clause do to the Actions of Unlawful Confiscation and destruction of Plaintiff's Legal documents, Sexual Abuse and Assault, Negligence, gross Negligence, Failure to Protect, Carelessness, Supervisor Liability and Recklessness of defendants' Yackeley, Markowski and Bradt.

13. On Thursday, January 20, 2011 at Approximately 1:00 pm While confined as a Prisoner in the General Population of Attica Correctional Facility ("Attica C.F.") Plaintiff was Returning to his Assigned cell location (i.e., A-8-31) When defendant Yackeley Approached Plaintiff and Stated "do you have any contraband in your cell." Plaintiff Replied "No," And defendant Yackeley Responded by Stating "you do Now ... I Never Liked your Nigger Ass, You want to be A Muslim Now I Am going to Show you how A Nigger Muslim is treated here at Attica."

14. At this time Plaintiff Noticed defendant Yackeley had A bucket containing, inter Alia, Legal documents belonging to the Plaintiff in Pending Federal And State Appeal Litigations before Respectfully the New York State Appellate Division, Third Judicial Department in the matter of Dana Gibson v. State of New York, Appeal No. 510419 Which Plaintiff was Proceeding Pro Se.

15. Specifically, defendant Yackeren confiscated plaintiff's Appeal Brief and Records of Appeal in the matter of Gibson v. State, Appeal No. 510419. Upon plaintiff noticing the legal documents he advised defendant Yackeren that the documents was related to his pending court matter to this defendant Yackeren stated to the plaintiff "We don't like writers in "A" Block nor do we like you Nigger Muslims. All this shit is contraband and I am taking it and if you say anything I will get my boys up here and we will kick your ass and sent you to the box and set your ass up with a weapon."

16. Defendant Yackeren then ordered plaintiff to face the company wall in a pat frisk position. As the plaintiff complied with defendant Yackeren's order defendant Yackeren began an aggressive body search of plaintiff, during such body search defendant Yackeren fondled plaintiff penis and testicles while stating to the plaintiff "Your Nigger Dick is big." When the plaintiff protested defendant Yackeren stated to the plaintiff "Shut up and face the wall." Defendant Yackeren continued to fondle and stroke plaintiff's penis and attempted to fondle plaintiff's buttock when plaintiff again protested and demanded to see the Area Supervisor. At this time defendant Yackeren threaten plaintiff by stating "if you report this I will set your ass up."

17. Upon plaintiff demanding to speak to the Area

Supervisor defendant Markowski ordered Plaintiff to Appear At his Office. Accordingly, Plaintiff Appeared before defendant Markowski And Advised him of defendant Yackeren's unlawful Actions of Sexual Abuse And the confiscation of his Legal documents. Defendant Markowski stated to Plaintiff "I am ordering Officer Yackeren to write A Misbehavior Report And You can take that up with the hearing Officer... Regarding the sexual Abuse deal with it."

18. Upon Plaintiff exiting the Office he Noticed defendant Yackeren Ripping up his Appeal brief And Record of Appeal. Upon Plaintiff proceeding An inmate grievance complaint Against defendant Yackeren for Sexually Abusing him he discovered defendant Yackeren had Numerous Other inmate grievances pending Against him for the same conduct Against Other inmates dating from 2009 to 2010. Plaintiff brought defendant Yackeren's Actions of Sexual Abuse to the Attention of defendant Bradt in Letters of complaint dated 1-21-11 And 3-14-11. While defendant Bradt did Not Reply to the Plaintiff's Letters On March 22, 2011 upon making mandated facility Rounds in the Attica C.F. Special Housing Unit ("SHU") Plaintiff stopped defendant Bradt And inquired As to the Status of his Letters of complaint. defendant Bradt stated to Plaintiff "I Received Your complaints Regarding Officer Yackeren Sexually Abusing you... 'I will give you A simple Answer to that, get over it, thats how we do things here At

Attica if you don't like it don't come to jail."

19. Based upon defendant Yackelen's confiscation and destruction of plaintiff's mentioned legal documents which could not be reproduced and plaintiff could not litigate such appeal without such documents the plaintiff was forced to withdraw his Appeal in the matter of Dana Gibson v. State of New York, Appeal No. 510419.

## SECOND CAUSE OF ACTION

20. Plaintiff Allege in this Cause of Action that his Religious Freedoms of the First Amendment of the United States Constitution under the Free Exercise clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") of 42 U.S.C. § 2000cc-1. were violated by defendants: Karndesky and the New York State Department of Correctional Services ("DOCS").

21. On January 18, 2011 while confined in the general population of Attica C.F. plaintiff while faithfully attending Jewish services commenced a letter to defendant Karndesky requesting to have his religious designation changed from Muslim to Jewish to conform with his sincere faith in Judaism and the tenants of the Jewish Religion. Accordingly, defendant Karndesky in an undated note to plaintiff advised plaintiff he would change plaintiff's religious designation to Jewish

if Plaintiff asked him for the form after his third appearance at Jewish Services.

22. Unfortunately, on January 20, 2011 Plaintiff was alleged to have been involved in an incident of misconduct and was placed in SHU confinement. Accordingly, on February 7, 2011 Plaintiff addressed another letter to defendant KARNDESKI advising do to his SHU confinement he would be unable to attend Jewish Services but still request to change his religious designation to Jewish. Again in another undated letter defendant KARNDESKI advised the plaintiff although he would like to assist Plaintiff in changing his religious designation to Jewish but defendant DOCS policy under § H of DOCS Directive 4202 prohibit him from doing so based upon Plaintiff's confinement in SHU.

23. On or about April 24, 2007 defendant DOCS implemented a policy under § H of DOCS Directive 4202 prohibiting the change of an inmate's religious designation while the inmate is confined to SHU for twelve (12) Months. Specifically, § H of DOCS Directive 4202 provides "Changes of Religious designation shall not be permitted while a Superintendent's proceeding is pending and for the duration of an inmate's confinement to a cell, room or Special Housing Unit, but not to exceed twelve months from commencement of such confinement."

24. Accordingly, defendant Kakofsky's Action And defendant DOCS instant policy imposes A Substantial burden on Plaintiff's Religious exercise of his Sincere faith in Judaism And the tenants of the Jewish Religion by Prohibiting Plaintiff from Changing his Religious designation to conform with his Sincere faith in Judaism, And the tenants of the Jewish Religion based solely on his place of confinement within Attica C.F. And Docs in SHU.

## THIRD CAUSE OF ACTION

25. Plaintiff Allege in this Cause of Action that his Fourteenth Amendment Right of the United States Constitution was violated under the Substantive And Procedural due Process Clauses based upon the egregious And outrageous conduct of defendant's Robinson And Venettozzi And DOCS in depriving Plaintiff of A Liberty interest As A Result of An insufficient prison disciplinary proceedings that Resulted in Sanctions Affecting the conditions of Plaintiff's Confinement.

26. On Wednesday, January 26, 2011 At Approximately 7:31 pm While Confined As A Prisoner At Attica C.F. Plaintiff was Summoned to Appear At A Tier-Three Superintendent's Hearing before defendant Robinson As the Presiding hearing officer Where Plaintiff was formally Charged with violating Multiple

DOCS Rules (i.e., 104.11- "Violent Conduct"; 104.13- "Creating A Disturbance"; 113.10- "Weapon"; 113.20- "Excess/Altered Clothes"; 118.25- "Littering"; 107.10- "Interference With Employee"; 106.10- "Refusing Direct Order"; 102.10- "Threats"; 120.20- "Gambling"; 116.10- "Property Damage or Loss"; 109.12- "Movement Regulation Violation"). Arising from an alleged incident of Thursday, January 20, 2011 at Attica C.F.

27. Upon appearing at the hearing proceeding plaintiff entered a plea of not guilty to all alleged rule violations. During such hearing proceeding defendant Robinson deprived plaintiff of (1) Adequate employee assistant to assist in preparing him for the hearing; (2) Unlawful cell search; (3) Fair and impartial hearing and hearing officer; (4) excluding plaintiff from the hearing proceeding review of evidence; (5) Failure to electronically record the entire hearing and review of evidence.

28. On February 2, 2011 at approximately 8:10 pm defendant Robinson rendered a disposition in such hearing proceeding, finding plaintiff guilty of all alleged rule violations except Rule 118.25. Upon finding plaintiff guilty defendant Robinson imposed the penalties of 12 months in SHU confinement; 12 months loss of packages, phones, commissary and the destruction of confiscated items. On February 2, 2011 plaintiff commenced an Administrative

Appeal of defendant Robinson's decision claiming defendant Robinson deprived him of due process. On March 28, 2011 on behalf of defendant DOCS defendant Venettozzi denied Plaintiff's Administrative Appeal without reason forcing Plaintiff to serve the penalties imposed.

29. While serving the penalties imposed in SHU confinement without just cause Plaintiff suffered the following unusually harsh form of treatment while in SHU: (1) deprivation of medical care and treatment; (2) unlawfully depriving Plaintiff of practicing his Religious Faith in Judaism; (3) unlawfully depriving Plaintiff from changing his Religious designation to conform conform with his sincere faith in Judaism and the tenants of the Jewish Religion; and (4) unlawfully depriving Plaintiff of one hour exercise for 90 days.

30. Plaintiff is currently serving a prison sentence with a maximum term of life imprisonment and thus is ineligible for good-time credit under New York State law. Accordingly, while the instant superintendent's hearing decision did not involve any loss of good-time credits Plaintiff hereby agrees to abandon forever, any and all claim had or may have with respect to the sanctions that affect the length of his imprisonment (e.g., loss of good-time credits).

## RELIEF SOUGHT

31. Pursuant to Fed. R. Civ. P. 8 (a)(2), Plaintiff seek the Relief as Following, jointly and severally: On the First Cause of Action ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages From defendants: Yackeren, Markowski, and Bradt each individually. Also ONE MILLION DOLLARS ($1,000,000.00) in Punitive damage From defendants: Yackeren, Markowski, and Bradt. On the Second Cause of Action injunctive Relief, Preliminary injunction and declaratory Relief. On Third Cause of Action ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages and ONE MILLION DOLLARS ($1,000,000.00) in Punitive damages From defendants: Robinson and Venettozzi. Also declaratory and injunctive Relief From defendant DOCS.

Dated: September 19, 2011
Malone, New York

Respectfully Submitted,
*Dana Gibson*
DANA GIBSON
#05-A-3824
UPSTATE CORR. FAC.
P.O. BOX 2001
MALONE, N.Y. 12953

NEW YORK STATE
COUNTY OF FRANKLIN : SS.:

## VERIFICATION

DANA GIBSON, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

I Am the Pro Se Plaintiff in the Annexed Amended Civil Rights Complaint And I Find its contents to be true to the best of my knowledge.

Dated: September 19, 2011
Malone, New York

Dana Gibson
DANA GIBSON
# 05-A-3824
UPSTATE CORR. FAC.
P.O. Box 2001
MALONE, N.Y. 12953

Mr. Dana Gibson
# 05-A3824
Upstate Correction Facility
P.O. Box 2001
Malone, New York 12953

Michael J. Roemer                September 19, 2011
Court Clerk
Court Clerk's Office
United States District Court
Western District of New York
68 Court Street
Buffalo, N.Y. 14202

        Re: Gibson V. Yackeren, et al.
           11-CV-00294 (WMS)

Dear Mr. Roemer:

    Enclosed for filing in the above-entitled Action please find plaintiff's Amended Civil Rights Complaint. Thank you...

                Respectfully,
                Dana Gibson

Enclosure ✓