UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA GIBSON,

        Plaintiff,

v.

CRAIG E. YACKEREN, C. ROBINSON,
and KEITH M. KARNOFSKY,

        Defendants.

**DECISION AND ORDER**
11-CV-294S

    1.    *Pro se* Plaintiff, Dana Gibson, was, at all times relevant to this action, an inmate in the custody of the New York Department of Corrections and Community Service ("DOCCS") at the Attica Correctional Facility. He brings this action against three employees of that facility alleging that they violated his rights under 42 U.S.C. § 1983. Specifically, he asserts that: (1) Defendant Keith Karnofsky, the Jewish chaplain of the facility, violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, by failing to change Gibson's religious designation to Judaism; (2) Defendant Christi Robinson, the "Corrections Captain of Attica," deprived Gibson due process of law by failing to provide a fair and impartial disciplinary hearing and by failing to provide him adequate assistance at that hearing; and last (3) Defendant Craig Yackeren, a corrections officer, violated Gibson's rights under the Eighth Amendment when he grabbed Gibson's genitals in the course of a body search.

    Defendants move to dismiss the complaint. For the following reasons, that motion is granted in part and denied part.

    2.    Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a

complaint for "failure to state a claim upon which relief can be granted." Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 678; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Cognizant of the distinct disadvantage that *pro se* litigants face, this Court has read Plaintiff's submissions carefully and liberally, and has interpreted them to raise the

2

strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This principle merits particular weight when a civil rights violation is alleged. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, "even *pro se* plaintiffs asserting civil rights claims are not exempt from Twombly's threshold that the pleadings must contain factual allegations sufficient to raise a right of relief above the speculative level." Arias–Mieses v. CSX Transp. Inc., 630 F. Supp.2d 328, 331 (S.D.N.Y.2009) (internal quotations omitted).

3. According to his second amended complaint, on January 18, 2011 Gibson first contacted Defendant Karnofsky about changing his religious designation to Judaism. Karnofsky replied that he would make the requested change after he received the proper form and after Gibson attended three Jewish services. Shortly thereafter, however, Gibson was moved to the Special Housing Unit ("SHU"), a segregation cell used primarily for discipline. There, Gibson again wrote to Karnofsky, informing him that he would not be able to attend services because of his confinement in the SHU. Karnofsky again replied, but informed him that, in accordance with DOCCS' Directive No. 4202, he could not make a change to an inmate's religious designation while housed in the SHU. This chain of events, Gibson alleges, violated his rights under the First Amendment and RLUIPA.

4. To state a RLUIPA or free-exercise First Amendment claim,[1] "[a] prisoner

---

[1] "The extent of the burden that must be shown" under the First Amendment, "is a matter of some uncertainty within this Circuit." Thomas v. Connolly, No. 10 CIV. 2401 PAC MHD, 2012 WL 3776698, at *11 (S.D.N.Y. Apr. 10, 2012) (Report and Recommendation), *accepted by* 2012 WL 3758457 (S.D.N.Y. Aug. 30, 2012). But like the Second Circuit in Ford v. McGinnis, 352 F.3d 582, 591–92 (2d Cir. 2003), this Court will apply the substantial-burden test despite questions about its continuing validity, especially considering that the parties have done the same. See Holland v. Goord, No. 05-CV-6295 MAT, 2013 WL 3049220, at *11 n. 4 (W.D.N.Y. June 17, 2013) (assuming substantial-burden test applies to free-exercise claim).

3

must [allege] at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs. The defendants then bear the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct." Salahuddin v. Goord, 467 F.3d 263, 274–75 (2d Cir. 2006). A "substantial burden exists when the state puts substantial pressure on an [inmate] to modify his behavior and to violate his beliefs." Boomer v. Irvin, 963 F. Supp. 227, 230 (W.D.N.Y. 1997) (citing Jolly v. Coughlin, 76 F.3d 468, 476 (2d Cir. 1996)).

5.   Defendants raise only one argument in seeking to dismiss this cause of action. They contend that Gibson's allegations fail to state a claim because they demonstrate only that he was prevented from being designated Jewish; the allegations do not demonstrate, according to Defendants, that his ability to practice Judaism was substantially burdened, as required to state a First Amendment or RLUIPA claim.[2]

A liberal reading of the second amended complaint, and one that "draws all reasonable inferences in the plaintiff's favor," however, suggests that Gibson was not only denied the designation he requested, but by extension, he was also denied the ability to practice his religion. Indeed, Gibson finally notes in his response to the motion to dismiss that he was unable to observe the Sabbath or adhere to Judaic dietary law. But even without the additional facts supplied in his moving papers, the inability to practice his religion is implicit – is inferable –  in the second amended complaint, as this inability is a direct consequence of the prison official's alleged failure to recognize him as Jewish.

DOCCS' own directives, for example, provide that members of certain religions may

---

[2] Defendants also contest Gibson's ability to recover monetary damages under RLUIPA. In response, however, Gibson asserts that he does not seek monetary damages under this cause of action, thus rending the issue moot.

4

receive, in accordance with constitutional mandates, alternative meals. See Kahane v. Carlson, 527 F.2d 492, 496 (2d Cir. 1975) (Constitution requires inmates be supplied with dietary options that conform with reasonable tenants of their religion); Bass v. Coughlin, 976 F.2d 98, 99 (2d Cir.1992) ("At least as early as 1975, it was established that prison officials must provide a prisoner a diet that is consistent with his religious scruples. Kahane has never been overruled and remains the law."). But of course, those meals are not provided to inmates who are not designated as members of that religion. As such, if there were any error in failing to designate Gibson as Jewish, that error logically extends to Gibson's inability to practice his religion.

This Court takes no position on the ultimate merits of Gibson's claim, but because Gibson has sufficiently alleged that a substantial burden was placed on the practice of his religion, on the narrow ground that Defendants seek to dismiss this cause of action, their motion is denied.

6. Gibson next alleges that Defendant Robinson violated his rights under the Due Process Clause of the Fourteenth Amendment during the course of a prison disciplinary hearing. Gibson alleges that Defendant Robinson "deprived plaintiff of (1) adequate employee assistant to assist in preparing him for the hearing; (2) unlawful cell search; (3) fair and impartial hearing; (4) excluding plaintiff from the hearing proceeding review of evidence; and (5) failure to electronically record the entire hearing and review of evidence" (sic). (Second Am. Compl., ¶ 16; Docket No. 11.)

7. In Wolff v. McDonnell, the Supreme Court established certain minimum procedural due process requirements for prison disciplinary hearings. 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). First, the inmate must be given written notice of the

charges against him no less than 24 hours in advance of the hearing. Id. at 564. Second, the fact-finder at the hearing must provide a written statement setting forth the evidence relied on and reasons for the disciplinary action. Id. And third, the inmate must be allowed to call witnesses and present documentary evidence in his defense, as long as doing so is not "unduly hazardous to institutional safety or correctional goals." Id. at 566. A prisoner asserting that he was denied due process in connection with prison disciplinary hearings that resulted in segregative confinement or a loss of privileges, must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L .Ed. 2d 418 (1995).

8. For the most part, Defendants do not, at this time, dispute the merits of Gibson's claim. Instead, they argue that his allegations are conclusory and legal in nature, and therefore insufficient under Iqbal and Twombly. This Court agrees, at least with respect to the first three of the allegations listed above.

Iqbal and Twombly require the plaintiff to do more than make a "formulaic recitation of the elements," Twombly, 550 U.S. at 555; instead the plaintiff must supply sufficient facts to allow for a reasonable inference that the defendant is liable for the misconduct charged," Iqbal, 556 U.S. at 678. Gibson's first three allegations under this cause of action amount to nothing more than bare assertions, unadorned with sufficient facts, that Defendants violated the law; they will therefore be dismissed. See Fed R. Civ. P. 8(a)(2) (pleading must contain a statement "*showing* that the pleader is entitled to relief") (emphasis added). However, given Plaintiff's *pro se* status, this Court will give him an opportunity to supply the factual predicate to these claims by granting him leave to file a

6

third amended complaint. See Fed. R. Civ. P. 15(a)(2) ("[C]ourt should freely give leave when justice so requires").

The fifth allegation suffers from a different deficiency: even accepted as true, it does not state a claim under the Constitution. See Ramsey v. Goord, 661 F. Supp. 2d 370, 393 (W.D.N.Y. 2009) (though disciplinary hearings must be recorded under New York law, the failure to do does not rise to a due process violation); see also Wolff, 418 U.S. 539. It is thus dismissed.

9. That leaves Gibson's fourth allegation under this cause of action, asserting that he was unlawfully excluded from the hearing. Once again, Defendants move to dismiss this claim on the narrow ground that it fails under the Iqbal/Twombly pleading standard. But, while minimal and devoid of details, this Court finds Gibson's allegation sufficient. Indeed, Rule 8 "does not require detailed factual allegations." Iqbal, 129 S. Ct. at 1949. Unlike Rule 9(b), Rule 8 does not require a claimant to allege "the who, what, where, when and why" of the claim. See Comfort Inn Oceanside v. Hertz Corp., No. 11-CV-1534 JG JMA, 2011 WL 5238658, at *6 (E.D.N.Y. Nov. 1, 2011) (citing In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig., 701 F. Supp. 2d 356, 366 (E.D.N.Y. 2010)). And unlike the Gibson's allegation that he was denied a fair and impartial hearing, this allegation is based on a fact – a fact on which there is some dispute as to whether it states a due process claim. See Vogelfang v. Capra, 889 F. Supp. 2d 489, 512–15 (S.D.N.Y. 2012) (comparing various cases and declining to dismiss due process claim that inmate was excluded from disciplinary hearing); but see Bogle v. Murphy, No. 98-CV-6473 CJS, 2003 WL 22384792, at * 6 (W.D.N.Y. Sept. 9, 2003) (dismissing due process claim that inmate was excluded from hearing because "Wolff does not positively

grant an inmate the right to be present at his hearing"). But Defendants do not address this aspect of the claim. Instead, they have only moved to dismiss the claim under Rule 8. Because this Court finds that the allegation meets Rule 8's requirements, Defendants' motion is denied.

10. Last, Gibson alleges that his Eighth Amendment rights were violated when Corrections Officer Yackeren, in the course of a pat-down search, "forcefully fondled" and "forcefully squeez[ed] and yank[ed] his "penis and testicles" and then made a comment about the size of his penis. (Second Am. Compl., ¶ 21.)

11. The Eighth Amendment to the United States Constitution applies to the States through the Fourteenth Amendment, and "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 297, 11 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991); U.S. Const. amend. VIII. As such, prison conditions and the treatment prisoners receive while incarcerated are subject to scrutiny under the Eighth Amendment. See DeShaney v. Winnebago Cnty. Dep't of Social Servs., 489 U.S. 189, 199–200, 109 S. Ct. 998, 1005–1006, 103 L. Ed. 2d 249 (1989). An official violates the Eighth Amendment when two requirements are met. See, e.g., Branham v. Meachum, 77 F.3d 626, 630 (2d Cir.1996). First, the alleged "punishment" must be, "objectively, sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994) (internal quotation marks omitted). Second, the prison official involved must have a "sufficiently culpable state of mind." Id. at 834 (citation and internal quotation marks omitted).

12. The Second Circuit has found that "allegations of sexual abuse may meet both the subjective and the objective elements of the constitutional test, thereby stating an

Eighth Amendment claim under Section 1983." Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997). In Boddie, however, the court found that the "small number of incidents in which [the plaintiff] was allegedly verbally harassed, touched, and pressed against without his consent" were not "severe enough to be 'objectively, sufficiently serious.'" Id. As other courts have found, under Boddie, a plaintiff's "allegation of sexual fondling during a single pat-frisk is not sufficiently egregious to state a harm of federal constitutional proportions under the Eighth Amendment." Davis v. Castleberry, 364 F. Supp. 2d 319, 321 (W.D.N.Y. 2005) (citing Williams v. Keane, No. 95 CIV. 0379, 1997 WL 527677, at *1 (S.D.N.Y. Aug. 25, 1997)). Though the alleged harassment and touching, if true, would be contemptible, these actions "do not involve a harm of federal constitutional proportions as defined by the Supreme Court." Id.; see also Montero v. Crusie, 153 F. Supp. 2d 368, 373, 375 (S.D.N.Y. 2001) (allegation that, on several occasions, corrections officer squeezed inmate's genitalia while pat-frisking him did not show sufficiently serious deprivation to establish Eighth Amendment violation).

Although Gibson does allege that the tugging and squeezing resulted in some pain, the factual allegations do not support a finding that Defendant Yackeren's actions constitute a "wanton infliction of pain," as required by the Constitution. See Gregg v. Georgia, 428 U.S. 153, 173, 96 S. Ct. 2909, 2925, 49 L. Ed. 2d 859 (1976); Hendricks v. Coughlin, 942 F.2d 109, 113 (2nd Cir.1991). This cause of action is therefore dismissed.

13.     In short, Plaintiff's surviving claims are those under the First Amendment and RLUIPA for the alleged burden placed on the practice of his religion, and that for a due process violation for his alleged exclusion from a disciplinary hearing.

Gibson is granted leave to file a third amended complaint with respect to the

allegations numbered one through three in paragraph No. 16 of his second amended complaint.

****

IT HEREBY IS ORDERED, that Defendants' motion to dismiss (Docket No. 18) is GRANTED in part and DENIED in part.

FURTHER, Plaintiff is GRANTED LIMITED LEAVE to file a third amended complaint. Leave is limited to the aspect of his second amended complaint identified in paragraph Nos. 8 and 12 of this Decision and Order. If filed, the third amended complaint is due August 8, 2013.

Dated: June 30, 2013
       Buffalo, New York

                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                        Chief Judge
                                  United States District Court