UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANA GIBSON,

                                  Plaintiff,

    -against-

CRAIG E. YACKEREN, KEITH M. KARNOFSKY,
and C. ROBINSON,

                                Defendants.

**STIPULATION OF SETTLEMENT AND DISCONTINUANCE PURSUANT TO RULE 41(A)**

**Docket No. 11-CV-294**

---

WHEREAS, the parties hereto have agreed to settle this action pursuant to the provisions of Rule 41(a) of the Federal Rules of Civil Procedure; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the above-entitled action and the same hereby is discontinued on the merits, with prejudice, without costs to either party as against the other; and

WHEREAS, the DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION ("DOCCS"), as the Department having supervision of KEITH M. KARNOFSKY CHRISTIAN (sued as C.) ROBINSON alleged to have caused the injuries herein, have approved the settlement of this action under the terms and conditions set forth below; and

WHEREAS, defendants KEITH M. KARNOFSKY, and CHRISTI ROBINSON do not admit any wrongdoing but approves settlement for the convenience of all interested parties; and

WHEREAS, the parties hereto have entered into this Stipulation of Settlement and Discontinuance, in connection with the settlement of this action; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for all of the parties in the above-entitled action as follows:

1. That no person not a party has an interest in the subject matter, the above-entitled action be, and the same hereby is, settled upon payment of the sum of THREE THOUSAND DOLLARS ($3,000.00), and discontinued with prejudice as to defendants KEITH M. KARNOFSKY, and CHRISTI ROBINSON. Payment shall be made by check payable to the order of the plaintiff, DANA GIBSON in the sum of THREE THOUSAND DOLLARS ($3,000.00) and delivered to the correctional facility in which plaintiff is incarcerated, for deposit in his inmate facility/departmental account.

2. In consideration of the payment of the sum set forth in paragraph 1, the plaintiff hereby releases the defendants and any and all current of former employees of DOCCS, in their individual and official capacities, and their heirs, executors, administrators and assigns and the State of New York and DOCCS, from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the complaint in the above-entitled action, including but not limited to claims relating to or arising out of any alleged violation of plaintiff's constitutional rights, and all other causes of action and claims of liability.

3. In further consideration of the payment of the sum set forth in paragraph 1, plaintiff hereby waives, releases and forever discharges defendants and any and all current of former employees of the DOCCS, in their individual and official capacities,

and their heirs, executors, administrators and assigns and the State of New York and the DOCCS, from any and all claims, known or unknown, arising out of the plaintiff Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including cases of action pursuant to 42 U.S.C. §1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

4. That payment of the sum set forth in paragraph 1 is subject to the approvals of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17. Plaintiff and plaintiff's counsel agree to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment.

5. That payment of the amounts referenced in paragraph 1 will be made within one hundred and twenty (120) days after the approval of this Stipulation of Settlement by the Court and receipt by defendants' counsel of a copy of the so-ordered stipulation along with any further documentation as required under paragraphs 12 and 13 hereof, unless the provisions of Executive Law § 632-a apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

6. That in the event that the aforementioned approvals in paragraph 4 of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17 are satisfied, but payment is not made within the 120 day or 150 day period set forth herein, interest shall begin to accrue on the outstanding

principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Executive Law § 632-a apply to plaintiff(s).

7.  That each party shall bear its own costs and fees relating to this proceeding and the costs and fees shall be hereby waived by the parties against each other.

8.  That nothing contained herein shall constitute an admission by KEITH M. KARNOFSKY, and CHRISTI ROBINSON, individually or in their official capacity that they deprived the plaintiff, DANA GIBSON, of any right, or of failing to perform any duty under the Constitutions, Statues, Rules, Regulations or other laws of the United States or the State of New York.

9.  That this Stipulation of Settlement and Discontinuance and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement and Discontinuance.

10. Plaintiff represents and warrants that he is not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional payments have been made by Medicare and that he does not expect to be a Medicare recipient within the next 30 months.

11. That plaintiff agrees that KEITH M. KARNOFSKY, and CHRISTI ROBINSON, DOCCS and the State of New York shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement and further that plaintiff DANA GIBSON agrees that he will defend, indemnify and hold harmless KEITH M. KARNOFSKY, and CHRISTI ROBINSON, the DOCCS, its officers, agents and

employees and the State of New York for the satisfaction of any such liens. In confirmation of the agreement herein, the attorney for the defendants and the plaintiff to this action set their signatures below.

Dated: Malone, New York
June ___, 2014

*Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury:*

*Dana Gibson  6-19-14*
_____
DANA GIBSON

Sworn to before me this
___ day of May, 2014

_____
Notary Public

Dated: Buffalo, New York
June 24, 2014

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for the Defendants

By: _____
GEORGE MICHAEL ZIMMERMANN
Assistant Attorney General of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 853-8444
George.Zimmermann@ag.ny.gov

SO ORDERED:

_____
Hon. H. Kenneth Schroeder, Jr.
United States Magistrate Judge